UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LARISA BOWERS,<br><br>    Plaintiff<br><br>v.<br><br>THE PROGRESSIVE CORPORATION AKA PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>    Defendant | Case No.: 2:23-cv-00694-APG-BNW<br><br>**Order to Show Cause Why This Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction** |

Defendant The Progressive Corporation aka Progressive Casualty Insurance Company removed this case from federal court. ECF No. 1. In the removal petition, Progressive contends it was improperly named. If Progressive believes it has been incorrectly identified, it must file a motion to correct the caption.

Additionally, Progressive has not met its burden of showing removal was proper. Progressive removed based on diversity jurisdiction. However, Progressive does not fully identify its citizenship because it does not state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Moreover, Progressive provides no basis to conclude that the amount in controversy has been met. If removal is sought based on diversity of citizenship, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If the initial pleading seeks nonmonetary relief or "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "the notice of removal may assert the amount in

controversy," but only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2).

> Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. . . . This burden is particularly stringent for removing defendants because the removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.

*Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017) (simplified). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Where "it is unclear what amount of damages the plaintiff has sought," as with claims governed by Nevada Rule of Civil Procedure 8(a), "then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.*

To determine the amount in controversy on removal a court may consider the facts alleged in the complaint and in the notice of removal, and may "'require the parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)). A court also has discretion to consider a plaintiff's formal judicial admission that the amount in controversy is met. *Id.* at 376.

In *Gaus*, the Ninth Circuit vacated the district court's grant of summary judgment because the federal court lacked subject matter jurisdiction; the Ninth Circuit remanded with instructions to remand the case to the state court. 980 F.2d at 565, 567. The plaintiff had filed suit in Nevada state court, seeking damages "in excess of $10,000." Upon removal, the

removing defendant alleged that "the matter in current controversy . . . exceeds the sum of $50,000." *Id*. at 565.  The Ninth Circuit found that the removing defendant "offered no facts whatsoever to support the court's exercise of jurisdiction," and held that "[t]his allegation, although attempting to recite some 'magical incantation,' neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the removing defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $50,000." *Id*. at 567.

By the complaint's allegations, the plaintiff incurred over $20,000 in medical bills but she recovered $25,000 from the tortfeasor's insurance. ECF No. 1-1 at 3-4.  She was willing to settle her underinsured claim with Progressive for $17,000. *Id.* at 4.  Progressive has not presented any other evidence to suggest that more than $75,000 is at issue in this case.  I therefore cannot exercise jurisdiction in this matter.  However, before remanding for lack of subject matter jurisdiction, I will permit Progressive to present any evidence relevant to its citizenship and the amount in controversy at the time of removal.

I THEREFORE ORDER that by May 19, 2023, The Progressive Corporation aka Progressive Casualty Insurance Company shall show cause in writing why this action should not be remanded for lack of subject matter jurisdiction.

I FURTHER ORDER that if the defendant believes it has been incorrectly identified, it must file a motion to correct the caption.

DATED this 5th day of May, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE